# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

MONA GUNN, et al.

                    Plaintiffs,

v.

THE ISLAMIC REPUBLIC OF IRAN,

                    Defendant.

Civil Action No. 1:21-cv-01187-RC

## PLAINTIFFS' MOTION FOR ORDER PERMITTING SERVICE OF JUDGMENT THROUGH DIPLOMATIC CHANNELS

Plaintiffs Mona Gunn, et al. ("Plaintiffs") respectfully request an order permitting service of the Order and Opinion granting default judgment against Defendant the Islamic Republic of Iran, Dkt. Nos. 38, 39, through the United States Department of State pursuant to 28 U.S.C. § 1608(a)(4).  As discussed further below, service cannot be completed under Sections 1608(a)(1) or (a)(2), and Plaintiffs have spent the requisite "30 days" attempting to serve Iran by mail under Section 1608(a)(3) but have identified no viable means of doing so.  *Id*. § 1608(a)(4).  Thus, an order permitting service by diplomatic means is warranted.

The Foreign Sovereign Immunities Act requires plaintiffs to send "[a] copy of" a default judgment "to the foreign state … in the manner prescribed for service in this section."  28 U.S.C. § 1608(e).  "Section 1608(a) governs service of process on 'a foreign state.'"  *Republic of Sudan v. Harrison*, 587 U.S. 1, 4 (2019) (quoting 28 U.S.C. § 1608(a)).  Section 1608(a) sets out four methods of service "in hierarchical order."  *Id.*

The first method is by delivery "in accordance with any special arrangement for service between the plaintiff and the foreign state or political subdivision."  28 U.S.C. § 1608(a)(1).  "[I]f

no special arrangement exists," service may be made "in accordance with an applicable international convention on service of judicial documents." *Id.* § 1608(a)(2).

As this Court has explained, "[t]he first two methods [under Section 1608(a)] do not apply in lawsuits against Iran because 'no special arrangement for service' exists between the United States and Iran, 28 U.S.C. § 1608(a)(1), and Iran is not a party to any 'international convention on service of judicial documents,' *id.* § 1608(a)(2)." *Ewan v. Islamic Republic of Iran*, 2020 WL 3081939, at *3 (D.D.C. June 10, 2020) (quoting *Aceto v. Islamic Republic of Iran*, 2020 WL 619925, at *14 (D.D.C. Feb. 7, 2020)).

Where, as here, service is not possible under either of the first two methods, service can be completed "by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned." 28 U.S.C. § 1608(a)(3). Service by mail is "deemed to have been made … as of the date of receipt indicated in the certification, signed and returned postal receipt, or other proof of service applicable to the method of service employed." *Id.* § 1608(c)(1). Finally, "if service cannot be made within 30 days under" Section 1608(a)(3), service may be effected by sending the materials "by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the Secretary of State in Washington, District of Columbia," for transmittal "through diplomatic channels to the foreign state." *Id.* § 1608(a)(4).

Plaintiffs have attempted service for more than "30 days," but under current circumstances, service by a form of mail requiring a signed receipt, dispatched by the Clerk of the Court "cannot be made." 28 U.S.C. § 1608(a)(4). The Clerk of the Court is unable to dispatch the materials to Iran because none of the mail carriers to which the Clerk dispatches mail—FedEx, DHL, or the United States Postal Service—is viable. As shown in Exhibits A and B attached hereto, neither

DHL nor FedEx currently delivers to Iran. *See* Ex. A (DHL); Ex. B (FedEx). And the Clerk's manual notes that "Service by U.S. Postal Service (registered mail) is not permitted to Iran." Clerk's Office Procedures for Service of Process on a Foreign Defendant (Revised July 2024), https://bit.ly/3MyLm0s. Plaintiffs have waited the requisite "30 days" since default judgment was entered and attempted to identify a viable way to serve Iran via mail during that time, but no option has become available.

Moreover, even if the Clerk of the Court could dispatch the materials, Iran has a well-established track record of refusing service by mail, especially in terrorism cases. In the vast majority of cases, including in all recent cases prosecuted by undersigned counsel, service is ultimately completed by diplomatic means—as it was in this case for service of the summons and complaint. *See,* Dkt. No. 10; *see also, e.g.*, *Taitt v. Islamic Republic of Iran*, No. 20-cv-1557, Dkt. No. 14 (Jun. 8, 2021), Dkt. No. 31 (Sept. 27, 2023). Recognizing that, this Court has previously authorized service of a final default judgment against Iran pursuant to Section 1608(a)(4) without requiring the plaintiffs to even attempt service by mail under Section 1608(a)(3). *See Cabrera v. Islamic Republic of Iran*, 19-cv-3835, Dkt. No. 264, at 21 (D.D.C. May 31, 2024); *Estate of Fishbeck v. Islamic Republic of Iran*, 18-cv-2248, Dkt. No. 249, at 1 (D.D.C. Jun. 12, 2024). In this case, given Plaintiffs' unsuccessful attempt to identify any method by which to serve Iran under § 1608(a)(3), immediate service under § 1608(a)(4) would likewise be justified.

Because Plaintiffs have attempted to serve Iran under Section 1608(a)(3) for the requisite 30 days and because the materials likely could not be served by mail even if dispatched, service through diplomatic channels under Section 1608(a)(4) is appropriate. For the avoidance of any doubt on the matter, Plaintiffs respectfully request an order permitting immediate service of the order and opinion granting default judgment (Dkt. Nos. 38, 39) under Section 1608(a)(4).

Dated: September 11, 2024

Respectfully submitted,

/s/    *Matthew D. McGill*
Matthew D. McGill
(D.C. Bar No. 481430)
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C.  20036
Telephone: (202) 955-8500
Facsimile: (202) 530-9522
mmcgill@gibsondunn.com

/s/    *Craig W. Carlson*
Craig W. Carlson
(D.C. Bar No. TX0182)
THE CARLSON LAW FIRM, PC
100 East Central Texas Expy
Killeen, TX  76541
Telephone: (254) 526-5688
Facsimile: (254) 526-8204
ccarlson@carlsonattorneys.com

/s/    *Adam S. Hall*
Adam S. Hall, Esq.
(*pro hac vice*)
The Hall Law Firm, P.A.
2665 South Bayshore Drive
Suite 1020
Miami, Florida  33133
Telephone: (305) 374-5030
Facsimile: (305) 374-5033
adamhall@hallpa.com

/s/    *Nelson M. Jones, III*
Nelson M. Jones III, Esq.
(D.C. Bar No. 320266)
Attorney at Law
440 Louisiana Street
Suite 1575
Houston, Texas  77002
Telephone: (713) 236-8736
Facsimile: (713) 236-8990
njoneslawfirm@aol.com